**Glenn Beverly REED, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 72–1193.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1972.

Decided June 22, 1972.

———◆———

Glenn Beverly Reed, pro se.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and URBOM, District Judge.*

PER CURIAM.

Glenn Beverly Reed stands convicted of aggravated bank robbery. *See* United States v. Reed, 446 F.2d 1226 (8th Cir. 1971). He is serving his sentence in the United States Penitentiary at Fort Leavenworth, Kansas. Reed is again here, this time on his appeal from the order of the district court denying his petition to vacate the judgment and sentence under 28 U.S.C. § 2255. Reed's pro se petition is premised on the claimed denial of a public trial guaranteed by the Sixth Amendment to the United States Constitution. He alleged that his six daughters were not permitted in the courtroom during his trial, but were required to remain in a designated room, separate and apart from the courtroom. The district court did not hold an evidentiary hearing but held that even if appellant's assertion was based on fact, the absence or exclusion of the children from the courtroom did not deprive Reed of a public trial since the trial was otherwise open to and attended by the public. We affirm.

Although not of decisive importance, we cannot fail to observe that Reed, represented by an able and experienced lawyer during the trial and on appeal from the judgment of conviction, made no objection to the exclusion of the children either during the trial or on appeal. Certainly, Reed was aware during the trial of the incident he now seizes upon for the purpose of having his judgment and sentence vacated in this collateral proceeding.

In any event, we find no support in any caselaw for the claim that Reed was deprived of his constitutional right to a public trial merely because his children were not permitted in the courtroom. United States ex rel. Mayberry v. Yeager, 321 F.Supp. 199 (D.N.J.1971), involved a similar factual situation. In considering this issue, Judge Cohen aptly observed:

"[t]he decisive factor is whether the public was excluded. * * * The only exclusion was of the three children; aged 5, 6 years and 15 months."

321 F.Supp. at 204 (citation omitted). Analogous in principle are United States

———

* Chief Judge, District of Nebraska, sitting by designation.

v. Kobli, 172 F.2d 919 (3rd Cir. 1949); Davis v. United States, 247 F. 394 (8th Cir. 1917).

We are convinced that Reed's claim is lacking in substance and that the district court properly denied him relief.

Affirmed.